# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| IN RE:<br><br>DANNY E. ANDERSON,<br><br>    Debtor.<br><br>RREF II CER CO ACQUISITIONS, LLC,<br><br>    Movant,<br><br>v.<br><br>NATIONSTAR MORTGAGE,<br><br>    Respondent. | Case No. 18-40415-EJC<br>Chapter 7<br><br><br><br>CONSTESTED MATTER |

## NATIONSTAR MORTGAGE, LLC'S OBJECTION TO MOTION FOR RULE 2004 EXAMINATION

COMES NOW, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and files this Objection to Movant RREF II CER CO Acquisitions, LLC's ("Movant") Motion for Rule 2004 Examination and/or Production of Documents [Doc. 35] (the "2004 Motion"), respectfully showing this Honorable Court as follows:

1.  Nationstar is the servicer of a mortgage loan obtained by the Debtor on November 20, 2001. This debt was reaffirmed by the Reaffirmation Agreement filed on April 23, 2018. [Doc. 11].

2.  On June 6, 2018, the Movant filed the 2004 Motion, asserting that it is a judgment creditor of the Debtor and needs a Rule 2004 Examination of Nationstar. Specifically,

1

> The Movant requests an examination of Respondent pursuant to Fed.R.Bankr.P. 2004(a) and/or for the production of documentary evidence, as described in <u>Exhibit "A"</u> attached hereto, pursuant to Fed.R.Bankr.P. 2004(c), for the following reasons:
> a) to determine acts, conduct, property, or to the liabilities and financial condition of the Debtor;
> b) to determine any matter which may affect the administration of the Debtor's estate; and
> c) the Debtor's right to a discharge.

[Doc. 35] at ¶ 4.

3. Exhibit A seeks various payment records and other documents dating back to January 1, 2014. [Doc. 35-1]. These other documents requested include deeds "relating to any real property in which [Debtor] has, or had, any interest or equity for the period January 1, 2014 to present"; all records relating to purchases of land "owned, controlled or possessed by the defendant submitted to you for the period January 1, 2014 to the present"; and "any and all other documents relating to Defendant not otherwise requested." *Id.*

4. A movant "must show that good cause exists to conduct a Rule 2004 examination." *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008) (citing *In re Buick*, 174 B.R. 299, 304 (Bankr. D. Colo. 1994)). "Generally, good cause is shown if the [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *Id.* (quoting *In re Metoim, Inc.*, 318 B.R. 263, 168 (S.D.N.Y. 2004)) (citation omitted).

5. Here, the Movant has made absolutely no attempt to show good cause. In fact, all it did was copy and paste the language of Rule 2004 as to why an examination is needed. *Compare* [Doc. 35] at ¶ 4 *with* Fed. R. Bankr. P. 2004(b). Moreover, the Movant is a judgment creditor, with a judgment *sixteen years* subordinate to the security deed serviced by Nationstar. *See* [Doc. 18-1]. According to the Debtor, the judgment relates to a loan guaranty executed by

the Debtor in 2009. *See* [Doc. 46] at pp. 2-3. Nobody is objecting to the Movant's claim, so examination is not "necessary to establish the claim of the party seeking the examination" and the Movant has not asserted that "denial of such request would cause the examiner undue hardship or injustice." *See In re Kelton*, 389 B.R. at 820.

6. Nationstar also asserts that the request is overbroad and unduly burdensome. It requests documents relating to various properties (unrelated to the security deed) and dating back to 2014, which no explanation for that date. Because the Movant has failed to make even the slightest attempt to show why such documents are needed and why Nationstar – as an entity completely unrelated to the transaction that gave rise to the Movant's judgment – should be the one to provide them, this Court should deny the 2004 Motion.

WHEREFORE, Nationstar respectfully requests that this Court deny the 2004 Motion.

Respectfully submitted, this 14th day of June, 2018.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorney for Nationstar Mortgage LLC d/b/a Mr. Cooper*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 14th day of June, 2018, filed the within and foregoing by CM/ECF, which will serve notice on all necessary parties, and by U.S. Mail, first class postage prepaid, addressed as follows:

Mark S. Watson
Watson Legal Group, LLC
111 Arkwright Landing, Suite D
Macon, GA 31210

J. Michael Hall
5 Oak Street
Statesboro, GA 30458

Tiffany E. Caron
P.O. Box 9056
Savannah, GA 31412

U.S. Trustee
Johnson Square Business Center
2 East Bryan Street, Suite 725
Savannah, GA 31401

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)